Filed 2/19/25  P. v. Garibaldi CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL GARIBALDI,<br><br>    Defendant and Appellant. | B331863<br><br>Los Angeles County<br>Super. Ct. No. TA157932 |

APPEAL from an order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge. Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Because the issue presented in this appeal is narrow and straightforward, and because we are not publishing this opinion, we resolve this case by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.) We reject defendant and appellant Miguel Garibaldi's argument that his sentence violated Penal Code section 654.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Garibaldi of second-degree robbery (§ 211; count one) and possession of a firearm with a prior violent felony conviction (§ 29900, subd. (a)(1); count two). On the robbery count, the jury found true the allegation that Garibaldi personally used a firearm in the commission of the offense. (§ 12022.5, subd. (a).) In a bifurcated proceeding, Garibaldi admitted he sustained the prior conviction alleged related to count two, and the trial court found various aggravating sentencing factors true. The court sentenced Garibaldi to nine years and eight months in state prison, consisting of a five-year upper term on count one, plus a four-year firearm enhancement on that count, and an eight-month consecutive term on count two.[2] Garibaldi timely appealed.

The facts underlying Garibaldi's convictions are as follows. Mohammad Wali Ullah owned a market in Carson, and worked there on July 7, 2022. Around 2:00 p.m. that day, Ullah was standing at the market's front door when he saw a man, whom he

---

1     All undesignated statutory references are to the Penal Code.

2     Although the information alleged Garibaldi sustained a prior strike conviction, at sentencing, the trial court exercised its discretion to dismiss that allegation in the interest of justice.

identified in court as Garibaldi, pacing back and forth outside. Ullah observed Garibaldi had something protruding from under his shirt at his lower back. Ullah recognized Garibaldi as someone who had come to the market in the past, and when he saw Garibaldi this time, he was concerned Garibaldi "may do something" bad.

Garibaldi entered the market under the pretense that he was purchasing beer, then pulled out a gun and pointed it at Ullah. Garibaldi pulled back the slide on the gun, ordered Ullah to get on the ground, demanded money, and threatened to kill Ullah if he did not comply. Ullah gave Garibaldi $700 or $800 then got down on the ground as directed. Garibaldi took some cigarettes, then left. Ullah called 911, reported the robbery, and told the dispatcher he knew where Garibaldi lived.

Shortly after the robbery, around 2:40 p.m., officers detained Garibaldi. At that point, the officers did not suspect Garibaldi in the robbery of Ullah's market, as Garibaldi's clothing did not match those of the robbery suspect. The officers arrested Garibaldi on an outstanding probation violation and placed him in the patrol car. Garibaldi did not have a gun on him when arrested. Ullah later identified Garibaldi as the person who robbed him.

## DISCUSSION

Garibaldi's sole contention on appeal is the trial court erred in violation of section 654 by imposing the firearm enhancement on count one, without staying the eight-month sentence on count two (the felon in possession of a firearm count). Specifically, he argues that under section 654, substantial evidence does not support the trial court's imposition of sentence on count two, because the court could not reasonably conclude the firearm

3

possession was divisible from the armed robbery. We are unpersuaded.

## A. Relevant Law

Section 654, subdivision (a) provides, in pertinent part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Put more succinctly, section 654 bars multiple punishments for a single act. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143 (*Jones*).) It also bars multiple punishments for acts that comprise an indivisible course of conduct. (*Ibid.*) The question whether a course of criminal conduct is divisible depends on the intent and objective of the actor. (*Ibid.*) "[I]f the defendant harbored 'multiple . . . objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]'" (*Ibid.*)

"Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination." (*Jones*, *supra*, 103 Cal.App.4th at p. 1143.) "Its findings will not be reversed on appeal if there is any substantial evidence to support them." (*Ibid.*) "We [therefore] review the trial court's determination in the light most favorable to the [judgment] and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*Ibid.*)

4

**B. Analysis**

Applying these principles, we reject Garibaldi's argument that the trial court's imposition of a consecutive sentence on count two is unsupported by substantial evidence. As *Jones* explains: "[W]hen an ex-felon commits a crime using a firearm, and arrives at the crime scene already in possession of the firearm, it may reasonably be inferred that the firearm possession is a separate and antecedent offense, carried out with an independent, distinct intent from the primary crime. Therefore, section 654 will not bar punishment for both firearm possession by a felon [ ] and for the primary crime of which the defendant is convicted." (*Jones*, *supra*, 103 Cal.App.4th at p. 1141.) This language from *Jones* is controlling and dispositive of the section 654 argument Garibaldi raises in this appeal.[3]

The factual premise of Garibaldi's argument is an assertion that "the record does not support reasonable inferences that [he] was armed before or after the robbery." It is true the record demonstrates Garibaldi was not in possession of the firearm when he was arrested roughly 30 minutes after the robbery. The record does show, however, that when Garibaldi arrived at the market to commit the robbery, he already had the gun with him. As described above, Ullah testified that before the robbery, he saw Garibaldi pacing back and forth outside the market, with something protruding under his shirt at his lower back. Garibaldi

---

3      Although some cases have concluded section 654 may bar multiple punishments where the evidence shows the firearm came into a defendant's possession fortuitously "at the instant of the committing another offense" (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1412 (*Ratcliff*)), as we explain in the following paragraph, that is not what happened here.

then entered the market and pulled the gun on Ullah. On these facts, the trial court could reasonably conclude Garibaldi was armed with the gun before he came to the market to commit the robbery.[4] In other words, the court could make reasonable factual findings dividing Garibaldi's conduct into two separate acts with separate intents, and could therefore reasonably impose a consecutive sentence on count two without violating section 654. (See *Ratcliff, supra*, 223 Cal.App.3d at p. 1414 ["Commission of a crime under section [29900] is complete once the intent to possess is perfected by possession. What the ex-felon does with the weapon later is another separate and distinct transaction undertaken with an additional intent which necessarily is something more than the mere intent to possess the proscribed weapon"]; *Jones, supra*, 103 Cal.App.4th at p. 1145 ["[W]e conclude that section 654 is inapplicable when the evidence shows [ ] the defendant arrived at the scene of his or her primary crime already in possession of the firearm"].)[5]

For these reasons, we reject Garibaldi's section 654 argument.

---

4     Garibaldi's attorney indeed concedes the following in his opening brief: "[A]ppellant acknowledges the trial court could have inferred that appellant brought the handgun to the market [record cites], used it during the robbery [record cites], and then carried it home [record cites]." Later in the opening brief, counsel again concedes "the prosecution established that appellant brought the gun to the market, used it, and then carried it away as he escaped from the scene."

5     Despite the Attorney General's persuasive reliance on *Jones*, Garibaldi's attorney makes no mention of that case in the reply brief. This omission suggests counsel has no colorable way to distinguish that case.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.

7